_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03430-FWS-DFM                              Date: June 25, 2026
Title: Maribel Catalan Ramirez v. Warden *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                          Not Present


**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

On April 3, 2026, *pro se* Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 1 (Petition); Dkt. 2 ("Application" or "App.").)  Petitioner is currently detained by Immigration and Customs Enforcement ("ICE"), and seeks a temporary restraining order enjoining Respondents from "transferring her out of this district or removing her from the United States while her concurrently filed Petition for Writ of Habeas Corpus is pending."  (App. at 1.)

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05.  (Dkt. 4.)  The General Order provides an expedited briefing schedule on petitions like Petitioner's, under which Respondents' answer to the Petition is due by June 29, 2026, and Petitioner's reply is due no later than 14 days after the answer is filed. (*Id.* at 2.)  The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (*Id.* at 5.)  The General Order goes on to advise that "[i]f the petitioner believes that an application for a temporary restraining order is appropriate, the application . . . must comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19."  (*Id.* at 6.)

The court finds that Petitioner does not demonstrate imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule. For one thing, Petitioner does not declare that she has reason to believe that she will be

_____

**CIVIL MINUTES – GENERAL**                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03430-FWS-DFM                    Date: June 25, 2026
Title: Maribel Catalan Ramirez v. Warden *et al.*

transferred or deported before her Petition can be resolved under the applicable expedited briefing schedule.  (*See generally* App.)  Moreover, General Order 26-05 already provides that, "Respondent shall provide at least two court days' notice to the petitioner . . . and the Court of its intent to remove the petitioner from the Central District of California."  (Dkt. 4 ¶ 6.) Accordingly, although the court acknowledges Petitioner's serious medical concerns, the court does not find that the relief Petitioner seeks in the Application is necessary given the expedited briefing schedule and notice requirements provided in General Order 26-05.

Based on the current record, as applied to the relevant law, the Application is **DENIED**. Proceedings on the merits of the Petition will continue consistent with General Order 26-05 before the assigned Magistrate Judge.